MAYER BROWN LLP
DOUGLAS A. SMITH (SBN 290598)
*dougsmith@mayerbrown.com*
333 S. Grand Ave., 47th Floor
Los Angeles, CA 90071-1503
Telephone: (213) 229-9500
Facsimile: (213) 625-0248

ARCH & LAKE LLP
HAO TAN (*pro hac vice application forthcoming*)
*HaoTan@archlakelaw.com*
10900 NE 4th St, Suite 2300
Bellevue, WA 98004
Phone: 425-289-7858
Fax: 312-614-1873

Attorneys for Plaintiff
Chongqing Qiulong Technology Corporation Limited,
d/b/a Surron

*Additional counsel listed on the following page.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHONGQING QIULONG TECHNOLOGY CORPORATION LIMITED, DBA SURRON, <br><br> Plaintiff, <br><br> v. <br><br> E RIDE PRO INC., <br><br> Defendant. | Case No. 8:26-cv-00067 <br><br> **COMPLAINT FOR PATENT INFRINGEMENT UNDER PATENT ACT, 35 U.S.C. § 271 *et seq.*** <br><br> DEMAND FOR JURY TRIAL |

1  ARCH & LAKE LLP
   SHEN WANG (*pro hac vice application forthcoming*)
2  *ShenWang@archlakelaw.com*
   PETER J. CURTIN (*pro hac vice application forthcoming*)
3  *pete_curtin@archlakelaw.com*
   YU DI (*pro hac vice application forthcoming*)
4  *YuDi@archlakelaw.com*
   YUE YANG (*pro hac vice application forthcoming*)
5  *AlysssaYang@archlakelaw.com*
   203 N. LaSalle St., Ste. 2100
6  Chicago, IL 60601
   Phone: 312-558-1369
7  Fax: 312-614-1873

8  Attorneys for Plaintiff
   Chongqing Qiulong Technology Corporation Limited,
9  d/b/a Surron

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 1 -

1                     **COMPLAINT FOR PATENT INFRINGEMENT**

2         Plaintiff Chongqing Qiulong Technology Corporation Limited, doing business as

3 Surron ("Surron") for its Complaint against Defendant E Ride Pro Inc. ("E Ride Pro")

4 alleges as follows:

5                        **JURISDICTION AND VENUE**

6     1.  This is an action for infringement of United States Design Patent No. D854,456 ("the

7 patent-in-suit") arising under the patent laws of the United States, 35 U.S.C. § 271, et seq.

8 This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

9     2.  This Court has personal jurisdiction over Defendant because, upon information and

10 belief, E RIDE PRO, INC. resides in this district. Furthermore, it has purposely availed

11 itself of the rights and benefits of the laws of the State of California by engaging in

12 systematic and continuous contacts with the state such that it should reasonably anticipate

13 being brought into court here. For example, upon information and belief, Defendant

14 directly targets business activities toward consumers in the United States, including

15 consumers in California, by offering to sell and selling infringing products in this district.

16 Further, as of the date of this Complaint, Defendant is actively targeting consumers in

17 California by displaying their infringing products in the AIMExpo 2026 trade show being

18 held in Anaheim, California.

19     3.  Venue is proper in this Court pursuant to 28 U.S.C. § 1400(b) because, on

20 information and belief, E Ride Pro resides and has a regular and established place of

21 business in this district. Furthermore, upon information and belief, E Ride Pro has

22 committed acts of infringement of the patent-in-suit in this district by offering for sale

23 infringing products.

24                        **THE PARTIES**

25     4.  Plaintiff Surron is a corporation organized and existing under the laws of the

26 People's Republic of China, having its principal place of business in Chongqing, China.

27 Plaintiff is engaged in the design, manufacture, and sale of e-bikes.

28

5. Upon information and belief, Defendant E Ride Pro is a corporation organized and existing under the laws of California, having a principal place of business at 330 E. Orangethrope Ave. #J, Placentia, CA. Upon information and belief, E Ride Pro is engaged in the manufacture and/or sale of e-bikes.

## BACKGROUND

6. On July 23, 2019, the U.S. Patent and Trademark Office duly and legally issued the patent-in-suit, entitled "Light Electric Off-Road Motorcycle." A true and correct copy of the patent-in-suit is attached as **Exhibit A.** The patent-in-suit claims the ornamental design for a light electric off-road motorcycle, depicted in the patent-in-suit.

7. The patent-in-suit is valid and enforceable.

8. Surron is the sole assignee and owner of all right, title, and interest in and to the patent-in-suit.

9. As a result of Surron's substantial advertising and promotional efforts, as well as the high quality of the products associated with the patent-in-suit, this distinctive design has earned valuable and residual goodwill and reputation for Surron being the source of said goods in the United States.

10. Since March 2023, Surron has duly marked its competing products sold in the United States to indicate that those products are protected by the patent-in-suit.

## COUNT 1

### Direct Infringement

11. Surron repeats and incorporates by reference the allegations of paragraphs 1 through 10 above.

12. Upon information and belief, E Ride Pro has infringed and continues to infringe the patent-in-suit by selling and/or offering to sell in the United States, and/or importing into the United States at least the Pro SR, Pro SS 3.0, Pro SS 2.0, and Pro S light electric off-road motorcycles ("Accused Products"), which embody the design of the patent-in-suit, without authority or license from Surron.

13. In particular, as of January 7, 2026, E Ride Pro is actively marketing its e-bike products including but not limited to its "E Ride Pro SR" product in the United States; more specifically, E Ride Pro is actively displaying its e-bike products including but not limited to "E Ride Pro SR" product on the AIMExpo 2026 trade show being held for the period of January 7 through January 9, 2026 at Anaheim Convention Center, Anaheim, CA.

14. Photographs taken at the AIMExpo 2026 trade show confirm E Ride Pro's active display and promotion of the Accused Products, including the "E Ride Pro SR" product. Representative photographs are reproduced below.



Figure 1. E Ride Pro booth at AIMExpo 2026 displaying the "E Ride Pro SR" electric off-road motorcycles.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Figure 2. Close-up view of the "E Ride Pro SR" electric off-road motorcycle displayed

at E Ride Pro AIMExpo 2026 booth.

- 4 -



Figure 3. Promotional brochures for the "E Ride Pro SR" electric off-road motorcycle distributed at AIMExpo 2026 trade show.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16



Figure 4. Promotional brochures for the "E Ride Pro SS" electric off-road motorcycles distributed at AIMExpo 2026 trade show.

15. Upon information and belief, E Ride Pro has infringed and continues to infringe the patent-in-suit by applying the patented design, or a colorable imitation thereof, to an article of manufacture, such as the Accused Products, for the purpose of sale and/or by selling, offering, or exposing for sale an article of manufacture, such as the Accused Products, to which the design of the patent-in-suit or a colorable imitation thereof has been applied.

16. E Ride Pro's actions violate 35 U.S.C. §§ 271(a) and 289.

17. As illustrated below, in the eye of the ordinary observer, familiar with the prior art, giving such attention as a purchaser of the Accused Products would usually give, the design

- 6 -

of the patent-in-suit and the designs of the Accused Products are substantially the same, such that the ordinary observer would be deceived into believing that the designs of the Accused Products are the same as the design of the patent-in-suit.

| **The Design of the Patent-in-Suit** | **The Designs of the Accused Products** |
| --- | --- |
| | <br>Pro SR<br>https://www.eridepro.com/products/pro-sr |
| | <br>Pro SS 3.0<br>https://www.eridepro.com/products/pro-ss-3-0 |



Pro SS 2.0
https://www.eridepro.com/products/pro-ss-2-0

Pro S
https://www.eridepro.com/products/pro-s

18. In fact, upon information and belief, E Ride Pro's e-bike products, including but not limited to the E Ride Pro SR are identical in design to the design claimed in former Chinese Design Patent No. 202330456053.4. The Chinese Patent Office found this former design patent invalid over prior art prior art Chinese Design Patent No. ZL201730077820.5, the Chinese counterpart of the patent-in-suit which is owned by Plaintiff Surron.

19. Accordingly, E Ride Pro has been on notice of Surron's prior design rights and the scope of Surron's claimed design protection, yet has willfully continued to manufacture, promote, and offer for sale products embodying the same overall design.

20. Surron has complied with the marking and notice requirements of 35 U.S.C. § 287.

21. Upon information and belief, E Ride Pro has gained profits by virtue of its infringement of the patent-in-suit.

22. Surron has suffered and is continuing to suffer damages as a direct and proximate result of E Ride Pro's infringement of the patent-in-suit, and Surron is entitled to compensation and other monetary relief to the fullest extent allowed by law, including attorneys' fees, pursuant to 35 U.S.C. §§ 284 and 285.

23. Surron has suffered injury, including irreparable injury, as a result of E Ride Pro's infringement of the patent-in-suit. Surron is therefore entitled to preliminary and permanent injunctive relief restraining and enjoining E Ride Pro from infringing the patent-in-suit.

## **PRAYER FOR RELIEF**

Surron requests that this Court grant the following relief:

1. A judgment that E Ride Pro infringed the claimed design of the patent-in-suit;

2. The issuance of Orders temporarily and preliminarily restraining and enjoining and permanently restraining and enjoining E Ride Pro, its officers, agents, attorneys and employees, and those acting in privity or concert with it, from further acts of infringing the patent-in-suit including, but not limited to, making, importing, promoting, offering, or exposing for sale, or selling the products with designs confusingly similar to the claimed design of the patent-in-suit, as explained above, until after the expiration date of the patent-in-suit;

3. A judgment against E Ride Pro for its total profits for any article of manufacture to which the design of the patent-in-suit has been applied as a result of E Ride Pro's infringement of the patent-in-suit in an amount to be determined at trial as provided under 35 U.S.C § 289 and for money damages sustained as a result of E Ride Pro's infringement of the patent-in-suit in an amount to be determined at trial as provided under 35 U.S.C. § 284, whichever is greater;

4.  A judgment against E Ride Pro finding that its infringement of the patent-in-suit has been willful and awarding Plaintiff treble damages for E Ride Pro's willful infringement of the patent-in-suit

5.  An accounting of E Ride Pro's profits pursuant to 35 U.S.C. § 289;

6.  A judgment against E Ride Pro finding that this case is exceptional under 35 U.S.C. § 285 and awarding Plaintiff its costs and reasonable attorneys' fees relating to this action; and

7.  Such other and further relief as the Court may deem just and proper.

## <u>DEMAND FOR TRIAL BY JURY</u>

Plaintiff demands a trial by jury on all issues that are so triable.

Dated: January 8, 2026

Respectfully submitted,

MAYER BROWN LLP

By: */s/ Douglas A. Smith*
    Douglas A. Smith

Attorneys for Plaintiff
Chongqing Qiulong Technology
Corporation Limited dba Surron

- 10 -