MAYER BROWN LLP
DOUGLAS A. SMITH (SBN 290598)
*dougsmith@mayerbrown.com*
333 S. Grand Ave., 47th Floor
Los Angeles, CA 90071-1503
Telephone: (213) 229-9500
Facsimile: (213) 625-0248

ARCH & LAKE LLP
HAO TAN (*pro hac vice application forthcoming*)
*HaoTan@archlakelaw.com*
10900 NE 4th St, Suite 2300
Bellevue, WA 98004
Telephone: 425-289-7858
Facsimile: 312-614-1873

Attorneys for Plaintiff
Chongqing Qiulong Technology Corporation
Limited, d/b/a Surron

*Additional counsel listed on the following page*.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHONGQING QIULONG TECHNOLOGY CORPORATION LIMITED, DBA SURRON, <br><br> Plaintiff, <br><br> v. <br><br> E RIDE PRO INC., <br><br> Defendant. | Case No. 8:26-cv-00067-JHW-ADS <br><br> **NOTICE OF RELATED CASES PURSUANT TO LOCAL RULE 83-1.3.1** |

ARCH & LAKE LLP
SHEN WANG (*pro hac vice application forthcoming*)
*ShenWang@archlakelaw.com*
PETER J. CURTIN (*pro hac vice application forthcoming*)
*Pete_curtin@archlakelaw.com*
YU DI (*pro hac vice application forthcoming*)
*YuDi@archlakelaw.com*
YUE YANG (*pro hac vice application forthcoming*)
*AlysssaYang@archlakelaw.com*
203 N. LaSalle St., Ste. 2100
Chicago, IL 60601
Telephone: 312-558-1369
Facsimile: 312-614-1873

Attorneys for Plaintiff
Chongqing Qiulong Technology Corporation Limited,
d/b/a Surron

1

NOTICE OF RELATED CASES PURSUANT TO LOCAL RULE 83-1.3.1, CASE NO. 8:26-cv-00067-JHW-ADS

Pursuant to Local Rule 83-1.3.1, Plaintiff  Chongqing Qiulong Technology Corporation Limited d/b/a Surron ("Plaintiff") hereby provides notice that this case is related to the following action pending in the Central District of California and assigned to Judge Monica Ramirez Almadani and Magistrate Judge Douglas F. McCormick:

- *Chongqing Qiulong Tech. Co. Ltd., d/b/a Surron v. Xinghai Hi-Tech (Shenzhen) Tech. Co. Ltd.*, No. 8:26-cv-00061-MRA-DFM (C.D. Cal. filed Jan. 8, 2026).

Under Local Rule 83-1.3.1, cases in this district are related when they:

(a)    arise from the same or a closely related transaction, happening, or event;

(b)    call for determination of the same or substantially related or similar questions of law and fact; or

(c)    for other reasons would entail substantial duplication of labor if heard by different judges.

Here, all three prongs are satisfied.

*First*, this case "arise[s] from the same ... event" as the *Xinghai* action. L.R. 83.1.3.1(a). More particularly, Defendant E Ride Pro Inc., like the defendants in the other action, exhibits its infringing products (which infringe the same patent owned by Plaintiff as do the infringing products of the defendants in the other action) at the same event, namely, AIMExpo 2026. Like the defendants in the other action, Defendant E Ride Pro Inc. seeks to bank on the popularity of this same event to market its infringing products to the same market segment, solicit the same customer population, and generate orders. (*Compare* Compl. ¶¶ 13-14, *with* Compl. ¶¶ 7-8, *Chongqing Qiulong Tech. Co. Ltd. d/b/a Surron v. Xinghai Hi-Tech (Shenzhen) Tech. Co. Ltd.*, No. 8:26-cv-00061-MRA-DFM (C.D. Cal.) [ECF 1] ("Xinghai Compl.").

1

*Second*, the two cases are related because they "call for determination of the same or substantially related or similar questions of law and fact." L.R. 83-1.3.1(b). As noted, the claims in this case are premised on the infringement of the same design patent as in *Xinghai* through exhibiting infringing products at the same event (AIMExpo 2026). Both actions will require the determination of the validity and enforceability of the design patent, as well as the determination of the damages flowing from the common event (AIMExpo 2026). Unsurprisingly given the legal similarities and the common event giving rise to these actions, the two complaints contain similar factual allegations regarding the patent and the defendants' alleged action or inaction with respect to their infringement at the common event.

*Third*, the cases "would entail substantial duplication of effort if heard by different judges." L.R. 83.1.3.1(c). Given the substantial overlap of factual and legal issues, relating the two cases would avoid duplication of effort by different judges. Otherwise, for example, Plaintiff would be forced to bring substantially similar evidence regarding the AIMExpo 2026 in both actions, requiring multiple judges to duplicate efforts (and risking inconsistent rulings).

Dated: January 8, 2026

Respectfully submitted,

MAYER BROWN LLP

/s/ *Douglas A. Smith*
Douglas A. Smith

Attorney for Plaintiff Chongqing Qiulong Technology Corporation Limited, d/b/a Surron

2