UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CHONGQING QIULONG TECHNOLOGY CORPORATION LIMITED, DBA SURRON,

Plaintiff,

v.

E RIDE PRO INC.,

Defendant.

Case No. 8:26-cv-00067-MRA-DFMx

**ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER [13] AND GRANTING ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE**

Before the Court is Plaintiff's *Ex Parte* Application for a Temporary Restraining Order ("TRO Application" or "Application"). ECF 13. Plaintiff Chongqing Qiulong Technology Corporation, Limited ("Plaintiff" or "Surron") requests that the Court grant this TRO Application to enjoin Defendant E Ride Pro, Inc. ("Defendant") from infringing on Plaintiff's patented products—lightweight electric off-road motorcycles—by marketing and selling these products at the AIMExpo[1] taking place January 7-9, 2026, in Anaheim,

---

[1] AIMExpo markets itself as "North America's powersports tradeshow showcasing the latest Motorcycle, ATV, Side by Side and E-Power vehicles, parts, accessories, and related business services." *See* https://aimexpousa.com/ (last visited Jan. 9, 2026).

-1-

California.  ECF 13-1.  The Court read and considered the Ex Parte Application.  For the reasons stated herein, the Court **DENIES IN PART** the Ex Parte Application for a temporary restraining order and **GRANTS IN PART** the Ex Parte Application for an order to show cause why a preliminary injunction should not issue.

## I.    <u>LEGAL STANDARD</u>

The standard for issuing a TRO and preliminary injunction under Federal Rule of Civil Procedure 65 is the same.  *Six v. Newsom*, 462 F. Supp. 3d 1060, 1067 (C.D. Cal. 2020) (citation omitted); *see also Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting that a TRO and preliminary injunction involve "substantially identical" analysis).  Like a preliminary injunction, a TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).  Under *Winter*, a plaintiff seeking a TRO must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tip in its favor, and (4) that the public interest favors an injunction." *Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc.*, 758 F.3d 1069, 1071 (9th Cir. 2014) (citing *Winter*, 555 U.S. at 20).

Courts in this circuit also employ "an alternative 'serious questions' standard, . . . known as the 'sliding scale' variant of the *Winter* standard," *Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021) (cleaned up), in which the four *Winter* elements are "balanced, so that a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).  Under this approach, a TRO may be warranted where there are "serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff." *All. for the Wild Rockies v. Cottrell*, 632 F.3d at 1132.

"'Ex parte temporary restraining orders . . . run[ ] counter' to the notion that underlies 'our entire jurisprudence'—that there be no court action 'before reasonable notice and an

opportunity to be heard has been granted both sides of a dispute.'" *Bakry v. Zadeh*, No. SACV 20-01383-CJC-KES, 2020 WL 13617652, at *1 (C.D. Cal. July 30, 2020) (quoting *Granny Goose Foods, Inc. v. Bhd. of Teamsters and Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 439 (1974)).  Accordingly, there are "very few circumstances justifying the issuance of an ex parte TRO."  *Id.* (quoting *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006)).

## II.    DISCUSSION

The situation before the Court does not constitute one of the "very few circumstances" justifying the issuance of a TRO without notice to Defendant.  Federal Rule of Civil Procedure 65(b) provides that a TRO may issue without written or oral notice to the adverse party or its attorneys only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

Plaintiff argues in its TRO Application that an ex parte application was necessary because (1) any noticed hearing would be unlikely to take place until after the AIMExpo and, by that time, the irreparable injury to Plaintiff would have already occurred; (2) Plaintiff could not have acted earlier because it was not on notice about the infringing activity until it witnessed Defendant's behavior at the AIMExpo; and (3) Plaintiff has set forth specific facts supported by attorney declarations to support their position that immediate and irreparable injury will result before Defendant can be heard in opposition. *Id.* ECF 13-1 at 15, 13-2 ("Curtin Decl."), 13-3 ("Liu Decl.").  While the Court held that these same showings were sufficient to support the issuance of an ex parte TRO in the related case—*Chonquing Qiulong Technology Corporation Ltd. v. Xinghai Hi-Tech*

*(Shenzhen) Technology Co., Ltd. et al.*, Case No. 8:26-cv-00061-MRA-DFM (the "Related Case")[2]—the situation here is distinct.

In the Related Case, Plaintiff offered evidence that Defendants knew that their design infringed upon Plaintiff's patent, because the Chinese government revoked Defendants' Chinese Design Patent for infringing on Plaintiff's design. The Court found that, under those circumstances, Defendants had taken a "calculated risk" of patent infringement, and that justice therefore favored the issuance of the ex parte TRO. *See Smith Int'l, Inc. v. Hughes Tool Co.*, 718 F.2d 1573, 1581 (Fed. Cir. 1983) (reversing denial of preliminary injunction where defendant was aware of patents and "took a calculated risk that it might infringe those patents."). Further, in the Related Case, Plaintiff argued that notice was not warranted because the Defendants—foreign corporations—would have an opportunity to flee the country with their infringing products and profits before the Court could render an equitable remedy.

By contrast, here, Plaintiff has not demonstrated that Defendant had reason to know that its conduct infringed on Plaintiff's patent. Plaintiff also does not explain why it was not possible to give Plaintiff some sort of notice, even if that notice was minimal (for example, by alerting Defendant of its intention to file this action yesterday). Defendant is a California-based corporation, and Plaintiff has not demonstrated that it is likely to evade justice if Plaintiff ultimately succeeds in proving that Defendant has infringed Plaintiff's patent. Moreover, economic harm is normally insufficient to establish irreparable harm, particularly in the context of an ex parte TRO. *See, e.g., Victor v. Sw. Wine & Spirits, LLC*, 2023 WL 2456444, at *2 (C.D. Cal. Mar. 10, 2023) ("A plaintiff seeking a TRO must demonstrate 'that remedies available at law, such as monetary damages, are inadequate to compensate for th[eir] injury.' ") (quoting *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006)).

---

[2] The Related Case involves the same Plaintiff but different Defendants.

In short, as the situation stands, Plaintiff has not provided the Court with sufficient information to justify upending the status quo and issuing an ex parte TRO against Defendant.

## III.  CONCLUSION

For the foregoing reasons, the Ex Parte Application is **DENIED** as to a TRO and **GRANTED IN PART** as to an Order to Show Cause why a preliminary injunction should not issue.  The Court further **ORDERS** as follows:

1. Defendant is **ORDERED TO SHOW CAUSE** in writing by **January 16, 2026**, why a preliminary injunction should not issue.  *See* L.R. 65-1.  Plaintiff may file a reply by no later than **January 21, 2026**.  The parties may jointly request a different briefing and hearing schedule.  Once briefing is completed, the Court will take the matter under submission or schedule a hearing if necessary.

2. This Order must be served on Defendant no later than **January 12, 2026**, and proof of service shall be filed within **three (3)** days of service.

**IT IS SO ORDERED.**

Dated: January 9, 2026

HON. MONICA RAMIREZ ALMADANI
UNITED STATES DISTRICT JUDGE

-5-