FRIEDLAND CIANFRANI LLP
Michael K. Friedland (SBN 157217)
*michael.friedland@fciplaw.com*
Lauren Keller Katzenellenbogen (SBN 223370)
*lauren.katzenellenbogen@fciplaw.com*
17901 Von Karman Avenue, Ste. 925
Irvine, CA 92614
Telephone: 949 734 4900

Attorneys for Plaintiff
Chongqing Qiulong Technology Corporation Limited, d/b/a Surron

PLATINUM INTELLECTUAL PROPERTY PC
Michelle C. Dunn (SBN 280676)
*Michelle.Dunn@platinum-ip.com*
Wei-Ting Chen (SBN 278799)
*Tim.Chen@platinum-ip.com*
3031 Tisch Way, Ste 110 PW
San Jose, CA 95128
Telephone: (408) 800-5884
Facsimile: 877-463-0654

Attorneys for Defendants
E Ride Pro Inc., Ningbo Engineering Imp & Exp Co., Ltd., and
Ningbo Yingfu Technology Development Co., Ltd.

*Additional counsel listed on the following page.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CHONGQING QIULONG TECHNOLOGY CORPORATION LIMITED, DBA SURRON,

Plaintiff,

v.

E RIDE PRO INC., NINGBO

Case No. 8:26-cv-00067-MRA-DFMx

**JOINT STIPULATION AND PROTECTIVE ORDER [DISCOVERY MATTER]**

ENGINEERING IMP&EXP CO., LTD., AND NINGBO YINGFU TECHNOLOGY DEVELOPMENT CO., LTD., )

Defendants. )

MAYER BROWN LLP
GARY M. HNATH (*pro hac vice*)
*GHnath@mayerbrown.com*
1999 K Street, N.W.
Washington, D.C. 20006-1101
Telephone: (202) 263-3040
Facsimile: (202) 263-5340

ARCH & LAKE LLP
HAO TAN (*pro hac vice*)
*HaoTan@archlakelaw.com*
10900 NE 4th St, Suite 2300
Bellevue, WA 98004
Phone: 425-289-7858
Fax: 312-614-1873

ARCH & LAKE LLP
SHEN WANG (*pro hac vice*)
*ShenWang@archlakelaw.com*
PETER J. CURTIN (*pro hac vice*)
*pete_curtin@archlakelaw.com*
YU DI (*pro hac vice*)
*YuDi@archlakelaw.com*
YUE YANG (*pro hac vice*)
*AlyssaYang@archlakelaw.com*
203 N. LaSalle St., Ste. 2100
Chicago, IL 60601
Phone: 312-558-1369
Fax: 312-614-1873

Attorneys for Plaintiff
Chongqing Qiulong Technology Corporation Limited,
d/b/a Surron

**1. PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than pursuing this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

**2. GOOD CAUSE STATEMENT**

The parties in this action are direct competitors in a growing industry which includes multiple other competitors both in the United States and abroad. Discovery in this case is likely to require the production of trade secret information and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential customer and pricing lists, confidential information on marketing strategy and product design, and confidential information on the parties' costs and profits, as well as other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of

discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order governing the handling of such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing will be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**3. UNDER SEAL FILING PROCEDURE**

The parties further acknowledge, as set forth in Section 15.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal. Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal. The parties acknowledge that there is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. See Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1176 (9th Cir. 2006), Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1210-11 (9th Cir. 2002), Makar-Welbon v. Sony Electrics, Inc., 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal. The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL - OCEO does not— without the submission of competent

evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. See Pintos v. Pacific Creditors Ass'n., 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

**4. DEFINITIONS**

4.1 Action: This federal lawsuit pending in the Central District of California, Chongqing Qiulong Technology Corporation Limited, d/b/a Surron v. E Ride Pro Inc., et al., Case No. 8:26-cv-00067-MRA-DFMx.

4.2 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

4.3 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for

protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

4.4 "HIGHLY CONFIDENTIAL - OCEO" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement that are designated to receive a higher level of protection such that they may not be disclosed to officers, directors, or employees (including House Counsel) of the receiving party.

4.5 Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

4.6 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OCEO."

4.7 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery.

4.8 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

4.9 House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

4.10 Non-Party: any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

4.11 Outside Counsel of Record: attorneys who are not employees of a

party to this Action but are retained to represent a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, including support staff.

4.12 Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

4.13 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

4.14 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

4.15 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OCEO."

4.16 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

4.17 Patent-in-Suit: United States Design Patent No. D854,456.

4.18 Final Disposition: the later of (a) dismissal of all claims and defenses in this Action, with or without prejudice; and (b) final judgment after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5. <u>SCOPE</u>**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge and other applicable authorities. This Order does not govern the use of Protected Material at trial; however, nothing in this Order shall be understood to prejudice the ability of a Party to seek to maintain under seal any Disclosures or Discovery Materials or any testimony for which the Party believes the applicable standard is met.

**6. <u>DURATION</u>**

Even after Final Disposition of this litigation, the confidentiality obligations by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Once a case proceeds to trial, Protected Material used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. <u>See</u> <u>Kamakana</u>, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). To the extent the Parties believe, during trial, that the applicable standard is met to designate or maintain as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OCEO any Disclosures or Discovery Materials or any testimony, the Parties shall follow any applicable rules of the trial judge or other applicable rules to so designate

or maintain a designation for such information.

**7. DESIGNATING PROTECTED MATERIAL**

7.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. *See* Section 2, *supra*. The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

7.2 Manner and Timing of Designations. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated at the time the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial

proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OCEO" as appropriate, to each page that contains protected material (or, in the case of native documents, to the slipsheet for the document(s)). If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL - OCEO." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OCEO" as appropriate to each page that contains Protected Material (or, in the case of native documents, to the slipsheet for the document(s)). If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions and/or transcripts of such testimony, the Designating Party shall designate whether the testimony or transcript should be maintained as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OCEO" on the record or upon notice to other Parties and the court reporter up to 21 days later.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent

place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OCEO" as appropriate. If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

(d) for any Disclosure or Discovery Material, or other information, that was, prior to the entry of this Order designated by a Party as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OCEO," "attorneys' eyes only," or any similar prior designation consistent with an intent to maintain such information as protected, such designations shall survive as though made under this Order unless and until a Party provides notice that such designations are modified or withdrawn.

7.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Order.

**8. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

8.1. Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

8.2 Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 et seq. by providing written notice of the challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific section of the Protective Order, must identify each designation it is challenging, and must describe the basis for each such challenge. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring within 14 days of the date of service of such a notice. The Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

8.3 Joint Stipulation. Any challenge submitted to the Court shall be via a joint stipulation pursuant to Local Rule 37-2.

8.4 The burden of persuasion in any such challenge proceeding shall be

on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 9. ACCESS TO AND USE OF PROTECTED MATERIAL

9.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.

Protected Material, and any information from it, shall not be used, disclosed, or referred to in any domestic or foreign proceeding other than this Action, unless the Designating Party has consented in writing, the Receiving Party has first obtained leave of this Court, or another Court or tribunal has ordered disclosure of Protected Material after notice to the Designating Party.

Nothing in this Order shall be construed as a waiver of any Party's right to seek leave of the Court to use Protected Material in another proceeding between the Parties or their affiliates, and agreement to this Order shall not constitute reliance by any Producing Party on this Order which may be used against such a motion. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 17 below (*see* FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

9.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing

party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediators or settlement officers and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

9.3 Disclosure of "HIGHLY CONFIDENTIAL - OCEO" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL - OCEO" only to those categories of persons identified in Section 9.2 excluding the persons identified in Section 9.2(b) ("the officers, directors, and employees (including House Counsel) of the Receiving Party").

## 10. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Protected Material, that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the

subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 11. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OCEO." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality

agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

## 12. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" attached hereto as Exhibit A.

## 13. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), in the event that the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the Court.

## 14. USE OF ARTIFICIAL INTELLIGENCE

No party or authorized recipient of Protected Material may input, upload, or submit Protected Material into any modern artificial intelligence platform, including any generative, analytical, or large language model-based tool ('AI'), unless the AI provider is contractually prohibited from: (1) storing or using inputs to train or improve its model; and (2) disclosing inputs to any third party except where such disclosure is essential to facilitating delivery of the service. Where disclosure to a third party is essential to service delivery, any such third party shall be bound by obligations no less protective than those required by this Order. In addition, the AI provider must contractually afford the party or authorized recipient the ability to remove or delete all Protected Material upon request. A party intending to use AI that it contends meets these requirements must retain written documentation of these contractual protections.

## 15. MISCELLANEOUS

15.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

15.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

15.3 Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

**16. PROSECUTION BAR**

Any outside counsel representing a Party, and any person associated with a Party and permitted to receive another Party's Protected Material designated as HIGHLY CONFIDENTIAL - OCEO, who reviews, or otherwise learns of, in whole or in part, the substance of another Party's materials designated as HIGHLY CONFIDENTIAL-OCEO under this Order, which discloses non-public technical information concerning the research, development, design, or engineering of the Producing Party's products or technology, shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the specific field of the invention of the Patent-in-Suit on behalf of the Receiving Party or its acquirer, successor, predecessor, or other affiliate. This Prosecution Bar takes effect as to an affected individual when that individual first reviews another Party's

designated "HIGHLY CONFIDENTIAL – OCEO", non-public technical information and expires two (2) years after Final Disposition of this Action.

To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to Protected Material and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the Patent-in-Suit. Subject to the "Ethical Wall" provision, an individual who does not review another Party's Designated "HIGHLY CONFIDENTIAL – OCEO" non-public technical information is not subject to this Section, notwithstanding that other individuals at the same firm may have done so.

This provision does not prohibit counsel of record or experts from participating in or representing a Party in reexamination proceedings, post grant review proceedings, *inter partes* review proceedings, or *ex parte* reexamination proceedings before the U.S. Patent and Trademark Office or a foreign patent authority involving any of the Patent-in-Suit or any related domestic or foreign patents or applications.

**17. <u>FINAL DISPOSITION</u>**

Within 60 days after the Final Disposition of this Action, as defined in paragraph 4.18, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category,

where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 6 (DURATION).

**18. VIOLATION**

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: October 14, 2026

Hon. Douglas F. McCormick,
United States Magistrate Judge

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED: October 9, 2026

*/s/* Hao Tan
Attorneys for Plaintiff

DATED: October 9, 2026

*/s/* Michelle C. Dunn
Attorneys for Defendants

Pursuant to Civil L.R. 5-4, the filer attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

EXHIBIT A
ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, ______________________________ **[full name]**, of __________________ **[full address]**, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____________ **[date]** in the case of *Chongqing Qiulong Technology Corporation Limited, d/b/a Surron v. E Ride Pro Inc., et al*., Case No. 8:26-cv-00067-MRA-DFMx. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint ___________________________ **[full name]** of _________________________________________ **[full address and telephone number]** as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: ________________________________________

City and State where signed: ___________________________________

Printed name: ________________________________

Signature: ____________________________________